

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    **May 13 2020**

CAROL L. MICHEL
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

20-mc-1448

# SECT. G

IN RE:              STANLEY PRICE

## ORDER

Over the past 20 years, Stanley Price ("Price") has been named as a plaintiff in eleven lawsuits filed in the United States District Court for the Eastern District of Louisiana.[1] In most of these lawsuits, Price proceeded *pro se* and *in forma pauperis*. A pattern has emerged in Price's litigation: when he is subject to an unfavorable decision, he often sues opposing counsel and any judge who oversaw a part of the case. Before the en banc court came a motion to prohibit Stanley Price from filing future complaints without first obtaining authorization from a district judge of this Court. Accordingly, upon majority vote of the en banc court, Stanley Price is hereby ordered to show cause why court-wide sanctions should not be imposed prohibiting all future filings and/or submissions by or on behalf of Stanley Price in the United States District Court for the Eastern District of Louisiana without first obtaining authorization from a district judge of this Court.

## I. Background

In 2006, Price filed suit against IFC International in the Civil District Court for the Parish of Orleans, alleging that the company discriminated against Price based on his race and

---

[1] *Price v. New Orleans City, et al*, Case No. 98-1432 (Sear, J); *Price v. Housing Authority of New Orleans, et al.*, Case No. 01-3016 (Duval, J.); *Desire Area Resident, et al. v. Housing Authority of New Orleans, et al.*, Case No. 01-3156 (Lemmon, J.); *Desire Area Resident, et al. v. Housing Authority of New Orleans, et al.*, Case No. 01-3180 (Lemmon, J.); *Price v. Davis, et al.*, Case No. 03-1145 (Lemmon, J.); *Price v. Housing Authority of New Orleans, et al.*, 07-9741 (Lemmon, J.); *Price v. Lemmon, et al.*, 09-7563 (Africk, J); *Price v. Ledet, et al.*, Case No. 10-411 (Feldman, J.); *Morgan, et al. v. Regional Loan Corp., et al.*, Case No. 10-1436 (Feldman, J); *Price v. Irons, et al.*, 19-11451 (Vance, J.); *Price, et al. v. United States, et al.*, Case No. 20-817 (Hicks, J.).

age.[2] After Judge Rose Ledet dismissed Price's claims, Price filed suit in the Eastern District of Louisiana against Judge Ledet, IFC, various IFC human resources employees, and the attorney who represented IFC in state court.[3] Judge Feldman dismissed Price's claims against Judge Ledet based on judicial immunity,[4] and he ultimately dismissed the entire case with prejudice.[5]

In 2007, Price filed a complaint against the Housing Authority of New Orleans and various individual defendants, alleging he was discriminated against based on his sex.[6] Judge Lemmon ultimately entered judgment dismissing all of Price's claims.[7] Judge Lemmon specifically noted that Price had filed several similar lawsuits, and she warned Price that "future filings regarding the same matter may result in sanctions, including dismissal, monetary penalties, and restrictions on his ability to file actions in this court without prior leave of court."[8] Price appealed and a Fifth Circuit panel consisting of Judges Higginbotham, Barksdale, and Elrod affirmed Judge Lemmon's decision.[9] In 2009, Price then sued Judge Lemmon, each of the Fifth Circuit judges who heard his appeal, the Department of Housing and Urban Development, and the Housing Authority of New Orleans.[10] On March 1, 2010,

---

[2] *See Price v. Ledet, et al.*, 10-411, Rec. Doc. 2.

[3] *Id.*

[4] *Price v. Ledet, et al.*, 10-411, Rec. Doc. 27.

[5] *Price v. Ledet, et al.*, 10-411, Rec. Doc. 32.

[6] *Price v. Housing Authority of New Orleans, et al.*, Case No. 07-9741, Rec. Doc. 7.

[7] *Price v. Housing Authority of New Orleans, et al.*, Case No. 07-9741, Rec. Doc. 62.

[8] *Price v. Housing Authority of New Orleans, et al.*, Case No. 07-9741, Rec. Doc. 61 at 11.

[9] *Price v. Housing Authority of New Orleans, et al.*, Case No. 08-30985 (5th Cir. May 5, 2009).

[10] *Price v. Lemmon, et al.*, 09-7563, Rec. Doc. 3.

Judge Africk dismissed Price's claims against the judges based on judicial immunity.[11] Price appealed, and the Fifth Circuit affirmed Judge Africk's decision.[12]

In 2018, Price filed a suit in the Civil District Court for the Parish of Orleans against Quiana Hunt and the Hunt-Clark Law Firm, L.L.C.[13] The suit was assigned to Judge Robin Giarrusso, and Price moved to recuse Judge Giarrusso.[14] The recusal motion was heard by Judge Christopher Bruno, who denied the motion.[15] Price also alleged that Judge Paulette Irons issued an order recusing all judges from hearing Price's claims and appointing a retired judge to hear his case.[16] Despite having had two prior suits dismissed based on judicial immunity, Price sued Judges Giarrusso, Bruno, Irons, and Johnson in the Eastern District of Louisiana.[17] Judge Vance dismissed Price's claims against the state court judges on Eleventh Amendment and judicial immunity grounds.[18] Price responded by moving to disqualify Judge Vance.[19]

On March 9, 2020, Price and three of his relatives sued Judges Lemelle, Englehardt, Barbier, Lemmon, and Africk, as well as various law firms.[20] Price took issue with rulings against him in various cases (including those discussed above), and he stated the lawsuit was designed to "expose and combat judicial corruption supporting prudence of public disdain of

---

[11] *Price v. Lemmon, et al.*, 09-7563, Rec. Doc. 14.

[12] *Price v. Housing Authority of New Orleans, et al.*, Case No. 10-30244 (5th Cir. June 8, 2010).

[13] *See Price v. Irons, et al.*, 19-11451, Rec. Doc. 1 at 6.

[14] *Id.* at 7.

[15] *Id.*

[16] *Id.* at 4.

[17] *Id.* Price also named the original defendants from his state suit, defense counsel from the state suit, and the Judiciary Commission of Louisiana in the federal lawsuit.

[18] Rec. Doc. 59.

[19] Rec. Doc. 60.

[20] *Price, et al. v. United States, et al.*, Case No. 20-817, Rec. Doc. 1.

the judiciary."[21] All judges of the Eastern District of Louisiana were recused, and the case was reassigned to Judge Hicks of the Western District of Louisiana.[22] The case was referred to Magistrate Judge Hornsby, who recommended that the claims against the judges be dismissed based on judicial immunity and that the other claims be dismissed as they were not timely filed.[23] Magistrate Judge Hornsby also recommended that Stanly Price be sanctioned for abuse of the judicial process by being prohibited from filing a complaint in the Eastern District of Louisiana without first receiving authorization from a district judge of this Court.[24] On April 29, 2020, Judge Hicks adopted the Report and Recommendation.[25] Judge Hicks "ordered that the Clerk of Court decline to file any civil complaint submitted by Stanley Price unless the complaint has been presented first to a district judge of this court and the judge has specifically authorized in writing that the complaint may be filed."[26] Furthermore, Judge Hicks ordered that any motion to proceed *in forma pauperis* that accompanies such a complaint be referred to a district judge for action.[27]

## II. Law and Analysis

In the Fifth Circuit, it is well established that courts have the discretion to enjoin plaintiffs from filing frivolous claims.[28] "No one, rich or poor, is entitled to abuse the judicial

---

[21] *Id.* at 3.

[22] *Price, et al. v. United States, et al.*, Case No. 20-817, Rec. Doc. 12.

[23] *Price, et al. v. United States, et al.*, Case No. 20-817, Rec. Doc. 13.

[24] *Id.*

[25] *Price, et al. v. United States, et al.*, Case No. 20-817, Rec. Doc. 17. The claims against the other defendants were dismissed as they were not timely filed. *Id.*

[26] *Id.*

[27] *Id.*

[28] *See e.g. Green v. Carlson*, 649 F.2d 285, 287 (5th Cir. 1981).

process."[29] "Flagrant abuse of the judicial process can enable one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants."[30]

The federal court may structure sanctions as are necessary or warranted to control the court's docket and maintain the orderly administration of justice.[31] Permissible sanctions include a requirement that the plaintiff obtain judicial pre-approval for all future filings, monetary sanctions, assessment of court costs, suspension of the plaintiff's right to proceed *in forma pauperis* until all previous litigation costs are paid, or other appropriate sanctions.[32] "In determining whether it should impose a pre-filing injunction . . . a court must weigh all the relevant circumstances, including the following four factors: '(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.'"[33]

Federal Rule of Civil Procedure 11 provides that a court may impose sanctions, after providing notice and a reasonable opportunity to be heard, where an attorney or unrepresented party presents pleadings, written motions, or other submissions for improper purposes—such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.[34] A court may

---

[29] *Id.* (citing *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975)).

[30] *Id.* (citing *Green v. Camper*, 477 F.Supp. 758, 770–71 (W.D. Mo. 1979)).

[31] *See Goldgar v. Office of Administration*, 26 F.3d 32, 36 n.3 (5th Cir. 1994).

[32] *Goldgar*, 26 F.3d at 36 n.3; *Lay v. Anderson*, 837 F.2d 231 (5th Cir. 1988); *Mayfield v. Collins*, 918 F.2d 560, 562 (5th Cir. 1991).

[33] *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010) (quoting *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008)).

[34] *See* Fed. R. Civ. P. 11(b)–(c). *See also Qureshi*, 600 F.3d at 525 (cautioning that abuse of the judicial process may lead to sanctions under Rule 11).

also impose sanctions under Rule 11 where assertions or submission of claims, defenses, and factual contentions are unsupported by existing law, good-faith argument, or evidentiary support.[35] Moreover, the Fifth Circuit has recognized that "a court's authority to impose an injunction against future filings 'flows not only from various statutes and rules relating to sanctions, but the inherent power of the court to protect its jurisdiction and judgments and to control its docket.'"[36] Nevertheless, "[n]otice and a hearing are required if the district court *sua sponte* imposes a pre-filing injunction."[37]

Over the past 20 years, court records reflect that Price has filed eleven lawsuits in the United States District Court for the Eastern District of Louisiana.[38] In most of these lawsuits, Price proceeded *pro se* and *in forma pauperis.* A pattern has emerged in Price's litigation: when he is subject to an unfavorable decision, he often sues opposing counsel and any judge who oversaw a part of the case. Price "is undoubtedly aware, judges are protected by absolute immunity for actions taken in their judicial capacity."[39] Nevertheless, he continues to abuse the judicial process by repeatedly filing frivolous claims against judges who oversee his cases.

Magistrate Judge Hornsby recommended sanctions in Case No. 20-817. The Report and Recommendation provided Price with notice of the proposed sanctions,[40] and Price was

---

[35] *See* Fed. R. Civ. P. 11(b)(2)–(4).

[36] *Qureshi*, 600 F.3d at 525–26 (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986)).

[37] *Id.* at 526 (quoting *Baum*, 513 F.3d at 189).

[38] *Price v. New Orleans City, et al*, Case No. 98-1432 (Sear, J); *Price v. Housing Authority of New Orleans, et al.*, Case No. 01-3016 (Duval, J.); *Desire Area Resident, et al. v. Housing Authority of New Orleans, et al.*, Case No. 01-3156 (Lemmon, J.); *Desire Area Resident, et al. v. Housing Authority of New Orleans, et al.*, Case No. 01-3180 (Lemmon, J.); *Price v. Davis, et al.*, Case No. 03-1145 (Lemmon, J.); *Price v. Housing Authority of New Orleans, et al.*, 07-9741 (Lemmon, J.); *Price v. Lemmon, et al.*, 09-7563 (Africk, J); *Price v. Ledet, et al.*, Case No. 10-411 (Feldman, J.); *Morgan, et al. v. Regional Loan Corp., et al.*, Case No. 10-1436 (Feldman, J); *Price v. Irons, et al.*, 19-11451 (Vance, J); *Price, et al. v. United States, et al.*, Case No. 20-817 (Hicks, J.).

[39] *See Price v. Ledet, et al.*, Case No. 10-411, Rec. Doc. 6.

[40] *Price, et al. v. United States, et al.*, Case No. 20-817, Rec. Doc. 13.

given an opportunity to object to the Report and Recommendation.[41] Price did not address the proposed sanctions in his objections to the Report and Recommendation.[42] Judge Hicks adopted the Report and Recommendation, and he directed the Clerk of Court to decline to file any civil complaint submitted by Stanley Price unless the complaint has been presented first to a district judge of this Court and the judge has specifically authorized in writing that the complaint may be filed.[43]

      As discussed above, notice and a reasonable opportunity to be heard must be provided before a court *sua sponte* imposes a pre-filing injunction.[44] Therefore, Stanley Price is ordered to show cause on or before June 1, 2020 at 5:00 PM by written memorandum, not to exceed 15 pages, why court-wide sanctions should not be imposed prohibiting all future filings and/or submissions by or on behalf of Stanley Price in the United States District Court for the Eastern District of Louisiana without first obtaining authorization from a district judge of this Court. If Price desires oral argument, the Court will provide an opportunity for oral argument by videoconference or teleconference on June 3, 2020 at 10:00 AM. Price should provide his contact information in the response memorandum if he wishes to have oral argument on June 3, 2020.

      Accordingly,

---

[41] *Price, et al. v. United States, et al.*, Case No. 20-817, Rec. Doc. 15.

[42] *Id.*

[43] *Price, et al. v. United States, et al.*, Case No. 20-817, Rec. Doc. 17.

[44] *See* Fed. R. Civ. P. 11(b)–(c). *See also Qureshi*, 600 F.3d at 526.

**IT IS HEREBY ORDERED** that Stanley Price show cause on or before June 1, 2020 at 5:00 PM by written memorandum, not to exceed 15 pages, why court-wide sanctions should not be imposed prohibiting all future filings and/or submissions by or on behalf of Stanley Price in the United States District Court for the Eastern District of Louisiana without first obtaining authorization from a district judge of this Court. If Price desires oral argument, the Court will provide an opportunity for oral argument by videoconference or teleconference on June 3, 2020 at 10:00 AM. Price should provide his contact information in the response memorandum if he wishes to have oral argument on June 3, 2020.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of this Order on Stanley Price, 2439 Mithra Street, New Orleans, Louisiana 70122.

**NEW ORLEANS, LOUISIANA,** this  __13th__  day of May, 2020.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**